UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYLENE HUNT, individually,
and on behalf of all others
similarly situated,

        COLLECTIVE ACTION

    Plaintiff,

v.

TECH DATA CORPORATION,
a Florida corporation,

    Defendant.
_____/

## FAIR LABOR STANDARDS ACT COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, Raylene Hunt, (hereinafter referred to as "Plaintiff" or "Hunt"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, sues Defendant Tech Data Corporation, (hereinafter referred to as "Defendant" or "Tech Data"), pursuant to 29 U.S.C. 216(b), the *Fair Labor Standards Act* (the "FLSA") overtime wage provisions stating as follows:

### PRELIMINARY STATEMENT

1. Defendant operates a publicly traded technology wholesale and distribution business currently traded on the NASDAQ under symbol TECD and at all times material to this Complaint conducted operations across the United States including, but not limited to, Fontana, California, Miami, Florida, Tampa, Florida, Suwanee, Georgia, South Bend, Indiana, Swedesboro, New Jersey and Fort Worth, Texas.

2. Plaintiff, individually and on behalf of all similarly situated current and former marketing and sales representatives of Defendant, brings this action for violation of the Fair Labor Standards Act.

3. Pursuant to a common policy and plan, Plaintiff and the class of similarly situated current and former marketing and sales representatives of Defendant have been subjected to unlawful pay practices by Defendant that avoid compensating them for all the time they worked and avoid paying them the full measure of overtime pay due under the FLSA.

4. Defendant willfully directed, allowed and permitted Plaintiff and the class of similarly situated current and former marketing and sales representatives to work overtime hours off the clock under a de facto policy.

5. Defendant also willfully and improperly used incorrect regular rates and overtime rates to pay Plaintiff and the class of similarly situated current and former marketing and sales representatives for all overtime hours worked.

6. In this pleading, the term "marketing and sales representatives" means any person engaged in the business of selling, marketing or communicating information technology products and services at any of the Defendant's offices, and performing the work of an marketing and sales representative for Defendant.  Some job titles included in this description are: Solutions Representative, Solutions Associate, Business Development Representative – PM, Solutions Consultant – Lenovo, Associate Product Manager, Solutions Representative – Lenovo Enterprise, Associate Product Purchasing Manager, Marketing Strategist, Inside Account Representative, Strategic Account Manager, Prospecting Account Representative, Solutions Account Executive, Senior Solutions Representative, Associate Sales Representative, Sales Support Representative and After Sales Management Coordinator. (Discovery may reveal additional job titles and employees that should be included.)

7. In this pleading, "Defendant" means the named Defendant and any other corporation, organization or entity responsible for the employment practices complained of herein

--Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366--

(discovery may reveal additional Defendants that should be included.)

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a Federal Statute, 29 U.S.C. §216 (b), the Fair Labor Standards Act.

9. This Court has personal jurisdiction over this action, because Defendant operated substantial business activities in Pinellas County, Florida and Plaintiff's damages occurred in Pinellas County, Florida.

10. Venue is proper to this Court pursuant to 29 U.S.C. §216(b), and the acts complained of accrued within this district.

## The Plaintiff

11. At all times material to this Complaint, Plaintiff resided in Pinellas County, Florida.

12. Plaintiff was employed by Defendant from 1993 until November 10, 2014. During all times material to this Complaint, Plaintiff was employed as an inside sales representative.

13. At all times pertinent to this lawsuit, Plaintiff worked for the Defendant at an office in Pinellas County Florida located at 5350 Tech Data Drive, Clearwater, FL 33760.

14. Plaintiff was classified by Defendant to be a full-time sales and marketing representative who worked over forty (40) hours per week regularly, and who was required to perform all work at the Defendant's offices, and to work a schedule set by the Defendant throughout her employment.

15. Plaintiff was paid an hourly wage plus nondiscretionary bonuses. When Plaintiff did have on-the-clock overtime hours Defendant did not pay her the correct time and a half of her regular rate of pay and did not include the value of the nondiscretionary bonuses in calculating the

--Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366--

regular rate of pay as required under the FLSA.

16. Upon information and belief, Defendant treated all inside sales representatives from 2012 to the present in the same unlawful manner.

## The Defendant

17. Tech Data is a Florida For Profit Corporation, with its principal place of business located at 5350 Tech Data Drive Clearwater, FL 33760.

18. Defendant is an Employer within the meaning of the FLSA as it set the compensation plans, set the parameters of the Plaintiff's work, schedule and job duties, and is the entity responsible for willfully failing to pay Plaintiff and those similarly situated correctly.

19. Defendant qualifies for and is subject to traditional and enterprise coverage under the FLSA for the relevant time periods pertinent to this Complaint and is subject to the Fair Labor Standards Act requirements for overtime pay.

20. At all relevant times Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a), selling information technology products and software interstate.

21. Hunt was an employee of Defendant within the meaning of FLSA.

22. Upon information and belief Tech Data has business revenues exceeding $20,000,000,000 annually.

## GENERAL ALLEGATIONS

23. During Hunt's employment with Defendant it was necessary to routinely work greater than forty (40) hours in a week to meet the sales goals and quotas, and to earn bonuses.

24. Defendant knew that Plaintiff and the similarly situated marketing and sales representatives would work over 40 hours per week and encouraged it in order to meet demanding

sales quotas.

25.   When Plaintiff was hired, she, like all other marketing and sales representatives, was told this was a 40 hour per week job and that she was being paid for her hours worked during a 40 hour week. However, after she commenced working, Defendant made it clear that she, along with all marketing and sales representatives had to do whatever was necessary to make her sales quotas.

26.   Plaintiff and the class of marketing and sales representatives had to routinely attend sales meetings and training classes on a continuous basis set up by the Defendant.

27.   Upon information and belief, Defendant has employed five hundred (500) or more marketing and sales representatives at a single time from their multiple locations, and the class consists of upwards of seven hundred (700) or more persons in the past three (3) years given the turnover.

28.   All company policies, pay-practices and employment oversight is conducted from the Clearwater corporate offices in a uniform policy for all other offices and inside sales representatives.

29.   Plaintiff and the class of similarly situated marketing and sales representatives were treated as an hourly employees.

30.   Plaintiff routinely worked overtime hours off the clock with the knowledge and encouragement of Defendant in order to meet sales quotas.

31.   On those occasions when Plaintiff was authorized by Defendant to work overtime hours, she was compensated at a rate less than her hourly rate in violation of the FLSA.

32.   Defendant is obligated by the Fair Labor Standards Act to compensate Plaintiff for all hours worked.

--Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366--

33.     Defendant willfully engaged in practices that denied Plaintiff and other similarly situated marketing and sales representatives overtime compensation under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34.     Hunt brings this suit on behalf of a collective class of similarly situated persons composed of:

> All persons currently working for Tech Data Corporation or who were previously employed with this company within a three (3) year period preceding the filing of this lawsuit, as inside sales representatives, marketing representatives, sales agents or working under any other titles selling information technology products, software licenses or marketing company's products or sources.

35.     Hunt alleges on behalf of the Putative Class who elect to opt-in to this action that they are entitled to unpaid overtime wages, as required by 29 U.S.C. § 207.

36.     The exact number of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

37.     As a result of Defendant's violations, Hunt and members of the Class were unlawfully and grossly under-compensated for their work in violation of the FLSA.

38.     Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation at a time and a half of the employee's regular rate, no exemptions apply in the instant matter.

39.     Unless proven to be exempt from the protection of the FLSA, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

40.     Hunt and members of the Class were and are required to work overtime hours without compensation, in order for Defendant to gain the most amounts of profit by selling information technology products and services and save money on labor costs.

41.     Evidence reflecting the precise number of overtime hours worked by Hunt and every other member of the Class, as well as the applicable compensation rates, are partly in the possession of the Defendant. If no records are available, Hunt and members of the Class may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

42.     Hunt will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Hunt has no interest that is contrary to, or in conflict with, members of the Class.

43.     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

44.     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries.

45.     Furthermore, even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

46.     There is a well-defined community of interest in the questions of law and fact

affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

    a.    Whether Defendant failed to pay Hunt and the members of the Class all overtime compensation due to them by virtue of their uniform, common unlawful pay practices;

    b.    Whether Defendant failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

    c.    Whether Defendant has willfully and without good faith, underpaid Hunt and the class of similarly situated inside sales representatives as at a rate less than time and half their regular rate in violation of the FLSA.

47. Hunt knows of no difficulty that will be encountered in the management of this litigation as a collective action or that would preclude a single trier of fact from determining the damages owed to the class.

48. Pursuant to 20 U.S.C. § 216(b), Hunt seeks to prosecute the FLSA claims as a collective action on behalf of the Class.

49. Notice of the pendency and any resolution of this action can be provided to Putative members of the class by mail, print, and/or internet publication.

50. Hunt brings this action as a collective action pursuant Section 216(b) of the FLSA.

## COUNT I
## UNPAID OVERTIME DUE UNDER THE FLSA

51. Hunt re-alleges and incorporates herein paragraphs one (1) through fifty (50) as if fully set forth in this Count.

52. At all relevant times, Defendant employed Hunt within the meaning of the FLSA.

--Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366--

53. Plaintiff and all similarly situated marketing and sales representatives worked overtime hours off the clock with the knowledge and encouragement of Defendant, and Defendant failed to pay overtime compensation due to Plaintiff and the class of inside sales representatives for hours worked in excess of forty (40) hours per week at rates of one and half times their regular rate of pay.

54. Defendant has willfully violated the FLSA and knew in all respects that Plaintiff and all similarly situated marketing and sales representatives were not being compensated for off-the-clock overtime hours.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(A).

56. Due to Defendant's FLSA violations, Hunt and the class of similarly situated employees has suffered damages and are entitled to recover from Defendant for the unpaid overtime compensation plus an additional amount equal to the unpaid overtime as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## UNDERPAYMENT FOR OVERTIME HOURS UNDER THE FLSA

57. Hunt re-alleges and incorporates herein paragraphs one (1) through fifty (50) as if fully set forth in this Count.

58. Plaintiff and all other similarly situated inside sales representatives were entitled to be paid overtime compensation at a rate no less than time and one-half their regular rate of pay for hours worked over forty (40) in a given workweek, and failure to do so is a violation of the FLSA, in particular, 29, U.S.C. § 207.

--Feldman Law Group, PA | 1715 North Westshore Boulevard, Suite 400 | Tampa | Florida | 33607 | PH (813) 639-9366--

59. When Defendant paid Plaintiff and all inside sales representatives for overtime hours, Defendant willfully paid a rate less than time and one-half times their regular rate of pay.

60. Specifically Defendant failed to include the bonus and / or other spiffs Plaintiff and those similarly situated earned in the calculation of the regular rate of pay, thus resulting in a deficient and incorrect overtime rate. Pursuant to the FLSA, the regular rate of pay must include the value of all earned compensation in the calculation.

61. Defendant willfully and intentionally underpaid Plaintiff and the class of similarly situated current and former inside sales reps and as a result they have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAYLENE HUNT individually and on behalf of all others similarly situated prays for the following relief:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to §216(b), and that this notice be sent to all past and present employees of Defendant at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b. An order appointing a Plaintiff Hunt as the class representative and Feldman Law Group as counsel to represent the Putative Class of similarly situated inside sales representatives;

c. A judgment finding that Defendant willfully and in bad faith violated the overtime compensation provisions of the FLSA;

d. An order instructing Defendant cease the unlawfully employment practices under the FLSA;

e. That the Court award Plaintiff Hunt and the members of the putative Class, overtime compensation for all the previous hours worked over forty (40) hours that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the owed overtime; in addition

    to penalties and interest on said award pursuant to §216 of the FLSA;

f. That the Court award Plaintiff Hunt a collective action representative incentive fee for his efforts and time dedicated to bringing justice through this action and the extra efforts she put in for leading this litigation;

g. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA; and,

h. That the Court award any other legal and equitable relief as this Court may deem appropriate.

        Respectfully submitted,

Date:   September 22, 2015

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman
Florida Bar No. 0080349
Email: mfeldman@ffmlawgroup.com
FELDMAN LAW GROUP P.A.
1715 N. WESTSHORE BLVD, SUITE 400
Tampa, FL 33607
Tel: (813) 639-9366 / Fax (813) 639-9376
*Attorney for Plaintiff*